Good morning, your honors. I am Tanya Whiteleather. I represent the appellant defendant, Crystal Moriwaki, who is a student with a disability whom I represented in OAH and in the district court matter. May it please the court, we are here on a matter that involved the complete denial of attorney's fees to my client for my services to her in not one, but two underlying administrative due process hearings brought pursuant to the Individuals with Disabilities Education Act. I proceeded, similar to that presented by the A.S. matter, my colleague, Ms. Lawyer, and I have gone through a number of these where a student in the juvenile court system may not have access to somebody who offers residential treatment when that is required. We filed, we prevailed as the student was locked up in an L.A. County Office of Education juvenile hall and juvenile court school, and we obtained an order. This is all on the record. I know I am going over the basics. When LACO appealed, it went to the district court, and the district court said, no, some other agency should have been involved, this future school district. Can I ask you about that? Certainly. So is the issue that you are asking us to resolve on appeal just limited to attorney's separate issue about the – I don't understand that. We do have an issue regarding that. It's a sub-issue, because the claim by the district court, we contend the remand was inappropriate. We had to go through the process of having the hearing. But, okay. But it's only – it's your fees that you are seeking from us. Primarily the fees. Nor the relief. The relief that we can grant you as to that, right? No. I think what I would say is, after the second hearing, the finding of the administrative law judge from OAH was that, yes, you won again on the first issue, yes, you won on the second issue, you've prevailed, and I have no authority to do what the district court has indicated, order one agency to pay another or to do something like that. Because we did have a subsequent hearing once the student had been moved by LACO. As I read the briefs, the primary – what seems to be the argument between you is whether the party that is on the hook during confinement had a duty to make the placement in the treatment center and to make the arrangements to get that and was denying it. Now, is that your position? And is that clear from the record? It's clear from the record and it's settled and unappealed. It was decided in the first case that LACO was responsible. It was appealed to the district court. The district court said, no, no, no, you need some future school district. You must join this other school district in order – not a new trial, not a new hearing, but that – because I had a second going against the new school district when she moved out, her district of residence – that it be consolidated. So we went through the process of having a second consolidated – it was very oddly done, I admit – consolidated hearing with LA Unified involved. The issue in that case was whether once my client had left Juvenile Hall and the Juvenile Court School, was LA Unified now the responsible educational agency? We prevailed on that. The original hearing issue, whether LACO was responsible during the time she was in the Juvenile Court School to make and offer a free appropriate public education, was reheard by the same judge, Administrative Law Judge Breen, and determined again once. We prevailed. And there was no appeal of that? There's no appeal of that. That's one of my primary points here. There's been no appeal. We have had a lot of time in this matter. My client has – is obligated for a lot of attorney's fees. I spent time in the district court, then in the remanded matter, going through things again, and in finally in filing a motion for attorney's fees within 30 days of the filing of the final judgment. And there's been no appeal of anything from the district court. And in this case, as I understand it, the outcome of all these proceedings was that you – initially the juvenile authorities, if you will, were not going to transport your client to the next placement, correct? Initially, we have the juvenile authorities, we have the county offices of education. Right. County offices of education would not offer residential. That was my point. Right. And then you established that in the other proceedings. Correct. And then you had a dispute about whether or not your client – who had the responsibility for getting your client from the juvenile custody to the residential? I did. I was – I'm glad you brought that up. I did have to go in after we got the first decision. I had to go in and join L.A. County Office of Ed as a party to the juvenile court matter to get an order to enforce our – I mean, it was a lot of work involved. And we did get her custody. You were successful in obtaining that order. I was. Okay. That's – it wasn't a trick question. I was just trying to get the sequence correct. No, I appreciate that because it was one of the points I wanted to raise, that even after we got the first decision, there was attorney work required just to implement it. I – we've laid it out. There is a – in the fees, in the volume two of the excerpts, my declaration, the fees, the time, supporting declarations. Let's say that we agreed that you were the prevailing party in the OAH. I don't know. I can't get the pronunciation right. OAH. I call it OAH. OAH. Yeah. Let's say that we concluded you were the prevailing party there. The district court nonetheless said that with respect to the proceedings before it, you didn't really come away with anything that could be declared a victory. Why is that determination wrong? If – here's what I think is very interesting. The portion – what the district court did was remand for a new hearing, and my client prevailed completely. But – just walk me off of this because I read the district court as saying, look, you – I can't remember now if it was you or whoever came into my court. The issue – the only issue I ended up resolving was whether there should be this And you, your client, opposed that. And I ruled against you on that. And I said there should be joinders. So how in the world, looking at just what happened in my court, how can I view you, your client, I'm sorry, as the prevailing party? Well, actually, what – one of the things was in the opening brief, the opening brief by the Respondent, on pages – I'm trying to find where that was. There were a number of issues that they requested – I'm sorry, that's my opening brief, 1 and 12. There are a number of issues that they raised when they went to the court. They didn't win on any of them. They didn't get a finding on any of them. But the court never reached any of them, right? I know. I didn't – So nobody was the prevailing party with respect to those issues. The court only reached one issue, and you opposed the relief that the court ultimately granted. And my – although the court did order the relief that we proposed, the ultimate result in all of this was a remanded due process hearing. That was the ultimate relief that now stands as the final word unappealed that, in fact, where we were the first time was correct. The administrative law judge did not order any of the relief that was raised in this matter, that basically remanded for those types of issues. There's been no appeal. It is what it is. We won the first time. We won the second time with the new parties. And what the district court basically did was not make a determination on the issues raised by LACO in its complaint, but said go back and have this heard. And it was heard. And we prevailed again. So let me – let me ask you this. Is – you know, if all of this had happened in the federal court system, we don't segment victories by proceeding. You either are the prevailing party in the action or you're not. Does it work differently in these kinds of cases? I don't think it does. I think what we have done is reached a final conclusion through the IDEA, which is an administrative. If there is a final conclusion, of course, it's appealable. Somebody could have taken it to the district court again. If it's not appealed within 90 days, which our second decision was not, it becomes the final. In all of the steps, all of the services, all of the actions, all of the representation required, the filing, anything that has been required by my client is reimbursable once they have prevailed. And again, I keep pointing to the fact that in the district court matter, there were a number of issues raised, and the district court didn't decide on any of those issues. Instead, the district court came back and said, we're going to remand it. I may be repeating Judge Watford's question, but is there California authority saying that you're entitled to be paid for losing a battle if you win the war? I don't. I could not find anything on that point. There is very clear IDEA law that says basically whatever you do, and I have that in my briefs, anything you do to enforcement of a judgment, which I would put this akin and make this analogous to that, because we were proceeding along the lines of the original. The district court said, no, I think you should go back and have it heard again. We had it heard again, came out with the same outcome, and prevailed again in exactly the same way. But it was required. We wouldn't have gotten there if I had walked away and said, sorry, I can't do the district court. My client would not have had legal representation. We would not have reached the prevailing status we have. So your argument is that if you did stuff that wasn't useful, I lost on it, it ought to reduce your fees, but not decrease your entitlement to fees? If you could again, I wasn't going to do it. In other words, if the award is for reasonable fees and you did some stuff in the case that turned out not to be useful, the court could not award you fees for parts of that, but it should – but you have an entitlement to fees nonetheless. It goes – the lack of success in an otherwise successful proceeding goes to the amount of fees, but not the entitlement. Well, I think the lack of success – I'm not asking you to give up any money. No, no. I'm saying – I'm not saying we had a lack of success. I'm saying that although we opposed a remand and that was ordered, that was not the issue raised by LACO in their complaint with the district court. What they had asked for, a finding that they weren't responsible, there were a number of issues. They didn't get any of those. Nobody got anything. The court just said, I want this reheard, and that involved my time. The end result is what I'm pointing to. The end result was two due process hearings consolidated in which my client completely prevailed. If you had prevailed on the remand issue in the district court, there would have been no remand and your original judgment from the administrative agency would stand. Is that correct? That is correct. We would have proceeded with a second decision in which I anticipated. What you were doing in district court was saying, we don't need another hearing. You lost and got another hearing where you got the same result. We got the same but more. Uh-huh. All right. Okay. Good. Thank you very much. Thank you. We'll hear from counsel for the defendant. Good morning. My name is Courtney Brady and I represent Los Angeles County Office of Education. This appeal concerns a very narrow issue of whether or not the student is entitled to an award of attorney's fees. The case law is clear that the district court has discretion in awarding attorney's fees, and in this matter, the district court appropriately exercises discretion in denying all fees. Why? Why? Because, ultimately, LACO did prevail on the appeal. What our relief sought was in the administrative proceeding, the first one, and then in the district court matter, was the addition of LAUSD, Los Angeles Unified School District, as a party to determine if they were responsible for the student's education once the student was released from juvenile hall. See, LACO operates the juvenile court schools within LA County's juvenile detention facilities. We do not operate the actual juvenile facility, simply the school. But just step back from this for a second. The minor is in a juvenile facility, subject to the jurisdiction of the juvenile court, wants to go to a placement, is entitled to go to a placement, and can't get to the placement because the minor needs an order from OLA and eventually from a court to get the minor to the placement. Is that a fair summary of the way this thing worked? That's correct. So the minor... And so the minor has to... The agencies involved don't simply say, don't worry about it, as in the other case we just heard. We'll work it out about who pays, and we can go to court and fight about which one it is. This is one where the minor actually has to bring a proceeding to get an order to get to the appropriate placement, right? The minor did bring that proceeding in the first case. So as to that, isn't the minor surely the prevailing party? Well, but then LACO appealed that first decision and wanted LAUSD to be a part of that proceeding. And had LACO said at that point, we'll move you to the next placement, don't worry, we'll pay for it, and we'll just fight with these other people about who's responsible, then you'd be somewhat in the position of the last case, but that's not how I read this record. Am I wrong in reading the record that way? No, you are not wrong. The student was moved pursuant to the OAH order. Ms. Whiteleather did mention the joining of LACO into the juvenile court proceedings, and that is true.  So just focus on the OAH stuff for a moment. I have a hard time seeing that the minor wasn't the prevailing party there. Tell me why the minor didn't prevail in the original OAH proceedings. Well, I think that you could make an argument that the minor did prevail, but one could make a contrary argument to it. Well, what our argument, and this is what I briefed, was that even if the student is deemed prevailing in some aspects, that there are special circumstances that exist to allow a denial of fees, and that the court has that discretion to apply those special circumstances, such as the balancing of equities. And we argue that in the balancing of equities, this favors the student being awarded fees because LACO ultimately prevailed in the relief it wanted, which was to not be responsible for the student's education subsequent to the release from the juvenile hall. The district court judge remanded the matter to OAH for that very reason, for the matter to be heard with LAUSD as a party. And previous to the remand, the student had filed a second due process hearing with that exact issue. So it's very clear that LAUSD needed to be a part of these proceedings. So your position is that the student didn't prevail against you, but prevailed against the other entity? In the second due process hearing, I would say that the student prevailed against LAUSD, that our finding wasn't changed from the first hearing, so there was no change in status as to the parties from the second due process decision. But there was a new party, LAUSD, and there was a prevailing finding. Do you know, I mean, I can ask CM's counsel, but do you know if fees have been awarded against LAUSD? I am not aware of any district court complaints. I believe they may have dealt with it on their own, but I would definitely defer to them. So let me summarize your position and see if I understand it correctly. What you're saying is, look, nobody ever ordered us to do anything that we weren't doing from the very beginning? For the second due process. For the second due process. That order did not change anything that we had done. We had already placed the student. We had already implemented it. Now, go back to the first due process hearing. Did that – did the minor accomplish something in that first due process hearing? Yes, we did place pursuant to that due process hearing. And you weren't – you hadn't done it before the filing of the hearing? We had not done it before. Okay. So as to that first due process hearing, why isn't the minor a prevailing party? In that aspect, the minor is a prevailing party, but I argue that special circumstances exist to deny her attorney's fees, because had LAUSD been a party to that action, then we would not be here today, because we would have had the relief that we sought, which was to have LAUSD. I understand your argument. I understand your argument. Thank you. You know what? I just – I was trying to separate the two proceedings, because I take it you have two different arguments, which is that you prevailed in the second proceeding against somebody other than the minor, right, by getting fees allocated – by getting responsibility allocated to somebody else. Right. In a sense, in the second proceeding, we prevailed against LAUSD, even though we weren't actually at odds with each other, in that they officially had responsibility from the day that she was placed. Now, if you – go back and look at this whole situation holistically for a second. Here's a minor who's in detention who wants appropriate education, and the minor has to bring a bunch of lawsuits and fight all the way through it to end up with a result that the minor's placed appropriately, and the responsible agencies won't fight any more about who has to get her there and pay for it. Given all that, why isn't – if you look at this big ball of wax, why didn't the minor prevail? Well, the minor was receiving special education services while she was detained. It was not a residential treatment center placement, but she was receiving special education services. But she got something better. At the end of the day, she's in a better place with appropriate education and couldn't get there without litigating it. I don't know. I don't think it's better, but – Well, but at least an appropriate place. We look at the end of it, it seems to me that this litigation accomplished something for the minor. It did accomplish something for the minor, but it also accomplished something for LACO, which was the holding that the District of Residence, LAUSD, is responsible for the minor's placement subsequent to the release from the juvenile facility. And I did want to make the point that once a student via OAH order or an IEP team decision is placed into a residential treatment center placement, the court, the juvenile court does have to be moved for the release. LACO does not have authority to simply release a student from the juvenile detention facility. We only operate the school. So in any proceeding to place a student residentially, IEP team decision, or an OAH order, somebody has to appear in front of that judge to ask for that release. Okay. Do we have any other questions? No. Okay. Unless – Yeah. You don't have anything else, I assume, right? If you do, please. Go ahead. I think it's all in my brief. And if you have no further questions – No. We don't have any other questions. Yeah. Thank you so much. Okay. Thank you, counsel. You have time – Yeah, sure. You have time. I think all it takes is a very cursory reading of the excerpts of the record. The very first issue was whether in the first due process, is LACO currently responsible for providing student with a free, appropriate public education. That was during the time she was at LACO. We never asked to have LACO found responsible for after the student left. When we eventually got an order that, yes, they were responsible, yes, they did need to move her to give her free, appropriate public education – not just some education, as the district court found, but free, appropriate public education to a residential treatment center. And when I had to go in and get LACO joined and get an order enforcing the hearing decision, then we got her there. Suddenly, she wasn't in LACO. And that's when I filed the new case. The second case, the first one, is in Volume 1, Exhibit ER-43, and the first – the second due process complaint is in that same volume, and it begins on ER-10. And there are two different issues, because the issue was whether or not LA Unified was responsible at a different date. If you look in the opening brief, I had identified the issues raised by LACO. An order reversing the decision, finding that LACO has no obligation as of the date February 24, 2010. They didn't get that. Any obligation of LACO to student on that date terminates upon her release from juvenile hall. They didn't get all of these. They didn't get. So these were something that – that's what was being sought. Instead, we got a remand. The result was a win for my client. Okay. Maybe you could address the opposing counsel's argument, though, that – okay, let's say that, yeah, sure, in the holistic sense of the term, you were the prevailing – your client was the prevailing party. But this is just one of those rare cases where it doesn't seem to make sense, at least to award fees against the county. Why? I – if we had to bring it – I'm sorry. Yeah. No, no. I just – because when you go back for the second hearing, really what ended up happening – you know, LAUSD was – came out the loser, and you're kind of seeking fees against the wrong party. That's untrue. If you look at the second due process hearing, which is ER 27, the finding was exactly the same, that LACO continued to be responsible through February 24, 2010. That was our only issue. It did not change this issue at all. They still continued to be responsible. They still were told they had to affect the residential treatment center, which was FAPE. It didn't change. That was a misstatement. It – the second decision, again, Volume 2, ER 27, says, no, it's the same as before. LACO is still responsible for that. They still have to – it says LACO's responsibility including coordinating the efforts between agencies, signing any necessary contracts, providing any necessary funding, and providing transportation for the student, which they had to do. There are alternative ways for LACO to get reimbursement. I'm only the student's attorney. There are alternative ways to get reimbursement. Those were not part of this. LACO continued to be responsible. They were ordered responsible the second time. There is no way that they got let out. Have you sought fees against LAUSD? We settled. That was – yeah, we did. I went to them, and they resolved it, and we're done. Okay. So you got some amount of your fee paid by them. And did not bill any of my fees for services regarding LAUnified in what I've brought to the court. Well, I'm not sure I understand that. Do you mean that you've reduced your fee request by the amount that you got paid by LAUSD? I – and by the amount of time that I put in that addressed LAUSD issues. Oh, I see. I see. Got it. Okay? Okay. Thank you very much. Okay. Thank you. The case just argued will stand submitted. And the last case on our calendar, Hagedorn v. California Field Iron Workers Trust Funds has been submitted on the briefs. So we are in recess.
judges: Canby, Watford, Hurwitz